IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-496-11 |
| v. | |
| HAKEEM ENOCH<br>*Register Number: 75443-066* | |

### MEMORANDUM OPINION

On October 21, 2019, Defendant Hakeem Enoch pleaded guilty to one count of conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), one count of possession with intent to distribute a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession with intent to distribute a mixture and substance containing a detectable amount of PCP within one thousand feet of a public university, in violation of 21 U.S.C. § 860(a).  Enoch is currently detained at the Federal Detention Center ("FDC") in Philadelphia, and his sentencing is scheduled for October 27, 2020.

Enoch notes that in light of COVID-19, he is at risk of a "possible chance of death by being exposed to COVID-19 while being in prison."  Enoch further asserts that: (1) three staff members at the FDC have tested positive for COVID-19; (2) he is not allowed to practice social distancing while forced to stay in his cell with another inmate, and; (3) FDC medical staff are not in a position to "properly treat [him] if he were to contract" COVID-19.  For these reasons, Enoch requests home confinement while awaiting sentencing.

The Court construes Enoch's motion as a request for release from detention pending sentencing pursuant to the Bail Reform Act, 18 U.S.C. § 3143(a)(2).  Section 3143(a)(2)

provides that, for a defendant who has been found guilty of an offense under the Controlled Substances Act carrying a maximum sentence of ten years or more, detention pending the imposition of a sentence is required unless, "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or* . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and* . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2) (emphasis added). Here, Enoch has pled guilty to three offenses under the Controlled Substances Act, each of which carry maximum sentences greater than ten years.[1] Thus, in that he has plead guilty, there will be no trial, and there is no likelihood of acquittal. Further, the government has not recommended that no sentence of imprisonment be imposed. Therefore, as a threshold matter, Enoch is not entitled to release, regardless of whether he is "likely to flee or pose a danger to any other person or the community." *See United States v. Clancy*, 2020 WL 1599340, at *2 (W.D. Pa. Apr. 1, 2020) (declining to order release under Section 3143(a)(2) where defendant did not proffer evidence "sufficient for the court to find that 'there is a substantial likelihood that a motion for acquittal or new trial will be granted' or that the government has recommended that 'no sentence of imprisonment be imposed'" and explaining that defendant could "not overcome the statutory provision that he be detained pending sentencing" "even if [he] adduced clear and convincing evidence that he is not likely to flee or pose a danger to the community").

---

[1] Conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B), carries a maximum sentence of 40 years imprisonment. Possession with intent to distribute a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), carries a maximum sentence of 20 years imprisonment. Possession with intent to distribute a mixture and substance containing a detectable amount of PCP within one thousand feet of a public university, in violation of 21 U.S.C. § 860(a), carries a maximum sentence of 40 years imprisonment.

Accordingly, Enoch's Motion will be denied.[2]  An appropriate order follows.

July 13th, 2020                                              BY THE COURT:


                                                             */s/ Wendy Beetlestone*
                                                             _____
                                                             **WENDY BEETLESTONE, J.**

---

[2] While the Court is cognizant of the dangers presented by COVID-19, the Third Circuit has explained that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify" release independent from statutory considerations, "especially considering [Bureau of Prison's ("BOP")] statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").  Furthermore, as of the writing of this opinion, four inmates have tested positive for COVID-19 in the FDC, none have died and one has recovered, while three staff members have tested positive and all have recovered.  *See* https://www.bop.gov/coronavirus/.  The BOP has also instituted strict containment measures in the FDC, such as mandatory quarantine, regular health checks, limits on inmate movement, and limitations on entry by outside individuals.  *See* https://www.bop.gov/coronavirus/covid19_status.jsp.